UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
LISA ALLEN,                                              :
                                                         :
                        Plaintiff,                       :
                                                         :        COMPLAINT
           -against-                                     :
                                                         :
CITY OF NEW YORK, POLICE OFFICER                         :
VAUGHN ETTIENNE, JOHN DOE POLICE                         :        Jury Trial Demanded
OFFICER 1 and JOHN DOE POLICE OFFICER                    :
2,                                                       :
                                                         :
                        Defendants.                      :
------------------------------------------------------------ x

       This is an action to recover money damages arising out of the violation of Plaintiff Lisa

Allen's ("Ms. Allen") rights under the Fourth and Fourteenth Amendments of the United States

Constitution.

## JURISDICTION AND VENUE

    1.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

    2.    The Court's jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1343.

    3.    Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) as

Plaintiff resides in the District and the claim arose in the District.

## JURY DEMAND

    4.    Ms. Allen respectfully demands a trial by jury of all issues in the matter pursuant

to Federal Rule of Civil Procedure ("FRCP") 38.

## PARTIES

    5.    Ms. Allen is a citizen of the City of New York in Kings County in the State of

New York.

    6.    Defendant City of New York was and is a municipal corporation duly organized

and existing under and by virtue of the laws of the State of New York.

7.      Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, the City of New York.

8.      That at all times hereinafter mentioned, Defendant Police Officer Vaughn Ettienne ("Mr. Ettienne"), John Doe Police Officer 1 ("John Doe 1") and John Doe Police Officer 2 ("John Doe 2") were duly sworn police officers of the NYPD and were acting under the supervision of said department and according to their official duties.

9.      That at all times hereinafter mentioned the Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

10.     Each and all of the acts of the Individual Defendants alleged herein were committed by said Defendants while acting within the scope of their employment by Defendant City of New York.

## **FACTS**

11.     Ms. Allen lives in Brooklyn and is forty years old.

12.     On the afternoon of February 28, 2014, Ms. Allen was at her friend's apartment helping to prepare for the friend's daughter's birthday party.

13.     Ms. Allen left the apartment to buy provisions for the party at the store.

14.     When Ms. Allen returned, plastic shopping bags in each hand, she discovered that there were now a number of people gathered in the hallway outside her friend's apartment.

2

15.     There were between five and ten police officers, some in plainclothes and some in uniform, and five civilians.

16.     Ms. Allen's friend's son was one of the civilians and he was being arrested.

17.     The young man was handcuffed and Ms. Allen witnessed a police officer punch him in the face.

18.     Ms. Allen asked, in sum and substance, "Why are you punching him?"

19.     Angry at Ms. Allen for her question, two to three police officers, who on information and belief were Mr. Ettienne, John Doe 1 and John Doe 2, grabbed Ms. Allen, shoved her to the floor, yanked her hands back and handcuffed her. All of this was done with great force and Ms. Allen wrenched her back and badly pulled a muscle in the process.

20.     At least two of the three Individual Defendants were in plainclothes and all were men.

21.     Ms. Allen did not resist arrest.

22.     Ms. Allen's hands were still occupied by her plastic shopping bags as the Individual Defendants assaulted her. The plastic shopping bags remained awkwardly twisted on Ms. Allen's hands as the Individual Defendants handcuffed her as she lay on the floor.

23.     Individual Defendants took Ms. Allen to the precinct.

24.     Mr. Ettienne issued Ms. Allen a summons charging her with "unreasonable noise" disorderly conduct under N.Y. Pen. Law 240.20(2). Mr. Ettienne falsely stated on the summons that Ms. Allen engaged in a verbal and physical dispute with another officer and that Ms. Allen fought with Mr. Ettienne and others in the apartment building lobby. This was not true.

25.     Ms. Allen was released from the precinct after spending approximately seven to eight hours there.

26.     Ms. Allen suffered damages as a result of Defendants' violation of her constitutional rights.

27.     Ms. Allen suffered pain as a result of the back and muscle injury she suffered as a result of Defendants' excessive force.

28.     Ms. Allen visited a doctor and received a shot in her back and muscle relaxants to treat the pain.

29.     Ms. Allen made two or three court appearances relating to the disorderly conduct charge which a state court judge dismissed on July 5, 2014.

30.     Defendants unconstitutionally deprived Ms. Allen of her liberty, caused her physical injury, damaged her reputation, caused her emotional distress and fear that manifested in physical ailments and more.   Ms. Allen continues to suffer these damages.

31.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees, and due to a custom, policy and/or practice of: arresting innocent persons in order to meet "productivity goals," or arrest quotas; arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or manufacturing false evidence against individuals in an individual effort and also in a conspiracy to justify their abuse of authority in falsely arresting those individuals.

32.     The aforesaid incident is not an isolated incident.  The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed in the United States District Courts in the Eastern and Southern Districts of New York as well as in New York State courts.  As a result, Defendant City of New York is aware (from said lawsuits as well as notices of claims and

4

complaints filed with the NYPD's Internal Affairs Bureau and the CCRB) that many NYPD officers, including the Individual Defendants, arrest individual persons in order to meet productivity goals and arrest quotas; arrest individuals for professional advancement, overtime compensation and/or other objectives outside the ends of justice; and/or falsely arrest individuals and engage in a practice of falsification of evidence in an attempt to justify the false arrest.

33.     The Honorable Jack B. Weinstein, United States District Judge for the Eastern District of New York, has written that

> [i]nformal inquiry by the [C]ourt and among judges of this [C]ourt, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the [NYPD] . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the [C]ity approving illegal conduct of the kind now charged.

Colon v. City of N.Y., No. 09 Civ. 8, No. 09 Civ. 9 (JBW), 2009 WL 4263363, at *2 (E.D.N.Y. Nov. 25, 2009).

34.     Former Deputy Commissioner Paul J. Browne, as reported in the press on January 20, 2006, stated that NYPD commanders are permitted to set "productivity goals," permitting an inference of such a custom or policy encouraging deprivations of individuals' constitutional rights in cases such as this one.

35.     Defendant City of New York is thus aware that its improper training and customs and policies have often resulted in a deprivation of individuals' constitutional rights.  Despite such notice, Defendant City of New York has failed to take corrective action.  This failure caused Individual Defendants in this case to violate Ms. Allen's constitutional rights.

36.     Moreover, on information and belief, Defendant City of New York was aware, prior to the incident, that the Individual Defendants lacked the objectivity, temperament, maturity, discretion and disposition to be employed as police officers.  Despite such notice,

Defendant City of New York has retained these officers, and failed to adequately train and supervise them.

37.    All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

38.    All of the aforementioned acts deprived Ms. Allen of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1983.

39.    The acts complained of were carried out by the aforementioned Individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

40.    The acts complained of were carried out by the aforementioned Individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and the rules of the Defendant City of New York and the NYPD, all under the supervision of ranking officers of said department.

41.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

42.    As a result of the foregoing, Ms. Allen is entitled to compensatory and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## FIRST CLAIM
### 42 U.S.C. § 1983

43.    Ms. Allen repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

6

44.     Defendants, by their conduct toward Ms. Allen alleged herein, violated Ms. Allen's rights guaranteed by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

45.     Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly with malice and with the specific intent to deprive Ms. Allen of her constitutional rights.

46.     As a direct and proximate result of Defendants' unlawful conduct, Ms. Allen sustained the damages hereinbefore alleged.

## SECOND CLAIM
## FALSE ARREST

47.     Ms. Allen repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

48.     Defendants violated the Fourth and Fourteenth Amendments because they arrested and/or detained Ms. Allen without probable cause.

49.     Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Ms. Allen of her  constitutional rights.

50.     As a direct and proximate result of Defendants' unlawful conduct, Ms. Allen sustained the damages hereinbefore alleged.

## THIRD CLAIM
## MALICIOUS PROSECUTION

51.     Ms. Allen repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

7

52.     Defendants violated Ms. Allen's right under 42 U.S.C. § 1983 to be to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

53.     Defendants' prosecution of Ms. Allen constituted malicious prosecution in that there was no basis for Ms. Allen's arrest, yet Defendants continued with malice with the prosecution, which was resolved in Ms. Allen's favor.

54.     Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Ms. Allen of her constitutional rights.

55.     As a direct and proximate result of Defendants' unlawful conduct, Ms. Allen sustained the damages hereinbefore alleged.

## FOURTH CLAIM
## EXCESSIVE FORCE

56.     Ms. Allen repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

57.     The level of force employed by Individual Defendants was excessive, objectively unreasonable and otherwise in violation of Ms. Allen's Fourth Amendment and Fourteenth Amendment rights.

58.     As a direct and proximate result of Defendants' unlawful conduct, Ms. Allen was subjected to excessive force and sustained the injuries hereinbefore alleged.

## FIFTH CLAIM
## FAILURE TO INTERVENE

59.     Ms. Allen repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

8

60.     The Individual Defendants actively participated in the aforementioned unlawful conduct and observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

61.     Accordingly, the Individual Defendants who failed to intervene violated the Fourth and Fourteenth Amendments of the United States Constitution.

62.     Individual Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Ms. Allen of her constitutional rights.

63.     As a direct and proximate result of Defendants' unlawful conduct, Ms. Allen sustained the damages hereinbefore alleged.

**SIXTH CLAIM
MONELL**

64.     Ms. Allen repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

65.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

66.     The aforementioned customs, policies, usages, practices, procedures and rules of Defendant City of New York and the NYPD included, but were not limited to, the inadequate screening, hiring, retaining, training and supervising of its employees that was the moving force behind the violation of Ms. Allen's rights as described herein.  As a result of the failure of the Defendant City of New York to properly recruit, screen, train, discipline and supervise its officers, including the Individual Defendants, Defendant City of New York has tacitly authorized, ratified and has been deliberately indifferent to, the acts and conduct complained of herein.

9

67.     The aforementioned customs, policies, usages, practices, procedures and rules of
Defendant City of New York and the NYPD included, but were not limited to: arresting innocent
persons in order to meet "productivity goals," or arrest quotas; arresting individuals for
professional advancement, overtime compensation, and/or other objectives outside the ends of
justice; and/or manufacturing false evidence against individuals in an individual effort and also
in a conspiracy to justify their abuse of authority in falsely arresting, unlawfully stopping and
maliciously prosecuting those individuals.

68.     The foregoing customs, policies, usages, practices, procedures and rules of the
Defendant City of New York and the NYPD constituted deliberate indifference to Ms. Allen's
safety, well-being and constitutional rights.

69.     The foregoing customs, polices, usages, practices, procedures and rules of
Defendant City of New York and the NYPD were the direct and proximate cause of the
constitutional violations suffered by Ms. Allen as described herein.

**PRAYER FOR RELIEF WHEREFORE**, Ms. Allen respectfully request the following relief:

A. An order entering judgment for Ms. Allen against Defendants on each of their
claims for relief;

B. Awards to Ms. Allen for compensatory damages against all Defendants, jointly
and severally, for their violation of Ms. Allen's Fourth and Fourteenth Amendment rights, the
amount to be determined at jury trial, which Ms. Allen respectfully demands pursuant to FRCP
38;

C. Awards to Ms. Allen of punitive damages against Defendants on the basis of
their conscious wrongdoing and callous indifference to Ms. Allen's constitutional rights and

welfare, the amount to be determined at jury trial, which Ms. Allen respectfully demands pursuant to FRCP 38;

        D. Awards to Ms. Allen of the costs of this action, including reasonable attorneys' fees;

        E. Such further relief as this Court deems just and proper.

DATED:      November 4, 2015
             New York, New York


                  /s
                  Ryan Lozar  (RL0229)
                  305 Broadway, 9th Floor
                  New York, New York 10007
                  (310) 867-1562

                  *Attorney for Plaintiff*